UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 10490 NMG

| | |
|---|---|
| NANCY BUCKLEY, | ) |
| Plaintiff | ) MAGISTRATE JUDGE _New Mqs_ |
| | ) |
| v. | ) |
| | ) |
| CITY OF BROCKTON | ) |
| SCHOOL DEPARTMENT, | ) |
| Defendant | ) |
| | ) |

## COMPLAINT

### Nature of the Action

This is a suit in law and equity seeking redress for employment discrimination based on gender and/or sex, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Massachusetts Fair Employment Practices Act, M.G.L. ch. 151B, § 4(1). Nancy Buckley, Assistant Housemaster at Brockton High School, was substantially better qualified for the position of Housemaster than Alan Jolly, an elementary teacher, who was hired into the Housemaster position because "He was the only guy." This action presents a Federal question, and all administrative jurisdictional prerequisites have been met.

## Parties to the Action

1. Nancy Buckley (hereinafter referred to as "Plaintiff" or "Buckley") resides at 138 Falconer Avenue, Brockton, Massachusetts 02301. At all relevant times Plaintiff was an employee of the City of Brockton School Department.

2. The City of Brockton School Department (hereinafter referred to as "Defendant" or "School Department") is a City administrative Department located at 43 Crescent Street, Brockton, Massachusetts 02301. At all times relevant to this action, the Defendant was the Plaintiff's employer and an "employer," pursuant both to Title VII of the Civil Rights Act of 1964 and to the Massachusetts Fair Employment Practices Act.

## COUNT I – GENDER AND/OR SEX DISCRIMINATION
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

3. Plaintiff is a female.

4. Plaintiff holds a Master's Degree from Bridgewater State College in Health Education and has received 45 additional credits in administration from Bridgewater State College and Fitchburg State College. She holds Massachusetts certifications in (1) Teacher of Health Education (K-12); (2) Principal/Assistant Principal (9-12); and (3) Supervisor/Director (All).

5. From 2001 to the present, Plaintiff has worked as Assistant Housemaster of the Green Building – Brockton High School. She has been involved in all aspects of running the Green Building. Her responsibilities include managing all matters

of discipline; supervising and evaluating staff; working with the headmaster and performing assigned duties; and performing the duties of the Housemaster in the Housemaster's absence.

6. Plaintiff has worked very well with the students, their parents/guardians, and staff members, and she has received excellent evaluations, both written and oral.

7. During Plaintiff's tenure as Assistant Housemaster, she has served on the Freshman Academy Committee – Adult Advisory Committee; the High School Accreditation Committee; and the Brockton High School Restructuring Committee – all of which pertain directly or indirectly to curriculum and academic standards at the secondary-school level.

8. Prior to becoming Assistant Housemaster, Plaintiff designed and implemented Project GRADS, a drop-out prevention program for teen parents. Plaintiff taught both junior high and high school students over a 13-year period, and she held administrative and supervisory positions at Brockton High School.

9. On March 1, 2004, two (2) new Housemaster positions were posted by the Defendant. The job posting stated that the successful applicant should have (1) a Master's Degree with a strong background in administration; (2) appropriate certification from the Massachusetts Department of Education; and (3) five or more years of teaching and/or administrative experience, with a strong background in high school education preferred.

10. Plaintiff was highly qualified for the position of Housemaster. She submitted an application for the position to Kathleen Sirois, Director of Personnel.

11. On or about April 26, 2004, Robert Uto, a teacher at Brockton High School, told Plaintiff about a conversation that he had had with Dr. Susan Szachowicz, the Principal of Brockton High School. Dr. Szachowicz reported to Mr. Uto that she told Superintendent of Schools, Joseph Bage, that she would like to appoint Sharon Wolder, the head of the Department of Social Studies, to one of the two new Housemaster positions. Dr. Szachowicz reported that Superintendent Bage responded: "Then get a guy for the other one."

12. Plaintiff interviewed for the position of Housemaster on May 5, 2004. Later that day, Dr. Szachowicz stopped Plaintiff in the corridor and told Plaintiff that she had done a great job in the interview.

13. On May 17, 2004, Plaintiff was called for another "informal interview" with Dr. Szachowicz and Maria Lefort, the Associate Principal.

14. Plaintiff received a letter from Kathleen Sirois, Director of Personnel, on May 21, 2004, in which Ms. Sirois stated that Plaintiff did not get the position of Housemaster.

15. Plaintiff was called for an "exit interview" with Dr. Szachowicz and Maria Lefort on May 24, 2004. They informed Plaintiff that Sharon Wolder and Alan Jolly were appointed to the Housemaster positions because of their "strengths in curriculum and instruction."

16. That same day, May 24, 2004, Plaintiff attended a Housemasters' meeting in the stead of the Housemaster in her building, who was out of town. At the meeting, Ms. Wolder and Mr. Jolly were introduced to the administrators.

17. Plaintiff was, and she remains, more qualified than Mr. Jolly for the position of Housemaster: Plaintiff has greater administrative credentials and experience; she has more teaching experience at the secondary level; Plaintiff has substantial experience evaluating faculty, while Mr. Jolly, who taught elementary school, has none; she has served on four curriculum and/or instruction-related committees in contrast to Mr. Jolly, who has served on one committee; and Plaintiff has greater experience working with Brockton High School students and their parents/guardians.

18. In May 2004 and/or June 2004, Mr. Uto told Plaintiff that when he and Mary Beth McManus, Grant Administrator, asked Susan Szachowicz, during a card game, why Alan Jolly was appointed Housemaster, as opposed to Plaintiff, Dr. Szachowicz replied, "He was the only guy."

19. On June 15, 2004, Plaintiff asked Ms. McManus about the reported conversation during the card game, and Ms. McManus confirmed to Plaintiff that Dr. Szachowicz had explained Mr. Jolly's appointment with the statement, "He [Mr. Jolly] was the only guy."

20. The Defendant, through its supervisors and agents, Joseph Bage, Superintendent of Schools, and Susan Szachowicz, Principal of Brockton High School, failed to promote Plaintiff to the position of Housemaster, for which she

was more qualified than Alan Jolly, who is a male, because of her gender and/or sex, female.

21.  The Defendant's failure to promote Plaintiff to the position of Housemaster constituted unlawful discrimination against Plaintiff based on her gender and/or sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

22.  Plaintiff filed a complaint of sex discrimination, dated September 9, 2004, against the Defendant, with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission. ("EEOC"). The MCAD complaint was dismissed on January 25, 2005, to enable Plaintiff to file this suit, and the EEOC sent Plaintiff a right-to-sue letter, dated March 4, 2005.

23.  As a result of the Defendant's unlawful discrimination against Plaintiff, she has suffered lost wages – both past and future, lost retirement benefits, and emotional pain and suffering. Plaintiff seeks damages for her losses, the injunctive relief of appointment to the next Housemaster position that becomes available, and payment of the attorney's fees and costs that she has incurred in seeking redress for the Defendant's discriminatory conduct.

### COUNT II – GENDER AND/OR SEX DISCRIMINATION
### M.G.L. Chapter 151B, § 4(1)

24.  Plaintiff realleges, reaffirms, and incorporates by reference the facts and allegations contained in paragraphs 1-23.

25. The Defendant's failure to promote Plaintiff to the position of Housemaster constituted unlawful discrimination against Plaintiff based on her gender and/or sex, in violation of M.G.L. ch. 151B, § 4(1).

26. As a result of the Defendant's unlawful discrimination against Plaintiff, she has suffered lost wages – both past and future, lost retirement benefits, and emotional pain and suffering. Plaintiff seeks damages for her losses, the injunctive relief of appointment to the next Housemaster position that becomes available, and payment of the attorney's fees and costs that she has incurred in seeking redress for the Defendant's discriminatory conduct.

WHEREFORE, Plaintiff demands that this Court order:

    a.    That the Defendant appoint Plaintiff to the next Housemaster position that becomes available;

    b.    that the Defendant compensate Plaintiff for any loss of wages and/or benefits incurred as a result of its discriminatory conduct;

    c.    that Plaintiff be awarded an amount of money which will fairly compensate her for her emotional and physical pain and suffering;

    d.    that the Defendant pay Plaintiff the costs and attorney's fees resulting from this action;

    e.    that the Defendant pay Plaintiff interest on any judgment entered from the date of her filing suit;

    f.    that the Defendant be ordered to pay Plaintiff punitive damages;

    g.    that the Defendant be ordered to pay Plaintiff exemplary damages; and

    h.    such relief as may be just and proper and/or will make Plaintiff whole.

**Plaintiff requests a Jury Trial on All Issues and Causes of Action Contained in this Complaint.**

                                      Nancy Buckley
                                      By her Attorneys,

                                      _/s/ Kevin G. Powers_
                                      Kevin G. Powers, BBO #405020
                                      Linda Evans, BBO #635078
                                      Rodgers, Powers & Schwartz LLP
                                      18 Tremont Street
                                      Boston, MA 02108
                                      (617) 742-7010

Complaint

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

1. Title of case (name of first party on each side only) Nancy Buckley v. City of Brockton School Department

2005 MAR 14 P 3: 26

DISTRICT COURT
DISTRICT OF MASS

05 10490 NMG

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [X] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
   YES [ ]    NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Kevin G. Powers, Rodgers, Powers & Schwartz LLP
ADDRESS          Boston, MA 02108
TELEPHONE NO.    (617) 742-7010

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
2005 MAR 14 P 3: 26
U.S. DISTRICT COURT
DISTRICT OF MASS

**I. (a) PLAINTIFFS**
Nancy Buckley

**DEFENDANTS**
City of Brockton School Department

**(b)** County of Residence of First Listed Plaintiff  **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (617) 742-7010
Kevin G. Powers, Rodgers, Powers & Schwartz
18 Tremont St., Boston, MA 02108

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | **PERSONAL INJURY** — ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **PERSONAL PROPERTY** — ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS** — ☐ 441 Voting; ☒ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | **PRISONER PETITIONS** — ☐ 510 Motions to Vacate Sentence; **Habeas Corpus:** ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000e et seq.
Brief description of cause: Employment Discrimination based on Gender/Sex

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 450,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE March 11, 2005
SIGNATURE OF ATTORNEY OF RECORD /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____