UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

C.A. NO. 05-10490 NMG

| | |
|---|---|
| Nancy Buckley ) | |
| ) | |
| Plaintiff, ) | **ANSWER OF DEFENDANT, CITY OF BROCKTON SCHOOL DEPARTMENT, TO THE PLAINTIFF'S COMPLAINT** |
| v. ) | |
| City of Brockton School Department ) | |
| Defendant ) | |

After inquiry of certain of its employees, the defendant answers the plaintiff's complaint as follows:

## PARTIES TO ACTION

1) Admitted.

2) Admitted.

## COUNT I – GENDER AND/OR SEX DISCRIMINATION
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

3) Admitted.

4) Admitted.

5) Admitted.

6) Admitted.

7) Admitted.

8) Admitted.

9) Admitted.

10) Admitted.

11) At this time the defendant is unable to admit or deny exactly what Mr. Uto told the plaintiff.

12) Admitted.

13) Admitted.

14) Admitted.

15) Admitted and that additional information would have been transmitted to the plaintiff, who was upset during the "exit interview."

16) Admitted.

17) Denied because contrary to the plaintiff's allegations, and in light of the advisory committee's recommendations of Mr. Jolly and Ms. Wolder, and not Ms. Buckley, Mr. Jolly is certified for an assistant superintendent/superintendent's positions, among other positions; has been a teacher since 1972 as opposed to Ms. Buckley since 1973; has experience in evaluating faculty, has served on several curriculum and/or instructional related committees, not one, and has similar experience working with Brockton High School students and the parents and guardians, and the advisory committee recommended Mr. Jolly and Ms. Wolder for the two Housemaster positions, with the plaintiff as the third qualified candidate, among other candidates.

18) At this time the defendant is unable to admit or deny exactly what Mr. Uto told the plaintiff, and denied as to the principal's reasons for the appointments of Mr. Jolly and Ms. Wolder who were recommended by the advisory committee as the number two and number one candidates, with Ms. Buckley as the number three candidate, among other candidates.

19) At this time the defendant is unable to admit or deny exactly what Ms. McManus told the plaintiff and denied as to the principal's reasons for the appointments of Mr. Jolly and Ms. Wolder who were recommended by the advisory committee as the number two and the number one candidates, with Ms. Buckley as the number three candidate, among other candidates.

20) Denied because the advisory committee "ranked and/or recommended" Mr. Jolly and Ms. Wolder above Ms. Buckley who was considered as a qualified candidate as were other candidates, and because Ms. Buckley was previously rejected for a Housemaster position as was Mr. Jolly, and because the principal concurred in the recommendation of Mr. Jolly and Ms. Wolder.

21) Denied.

22) Admitted.

23) Denied.

## COUNT II – GENDER AND/OR SEX DISCRIMINATION
## M.G.L. Chapter 151B, § 4(1)

24) The defendant repeats its responses to Paragraphs 1 through 23 as if fully set forth herein.

25) Denied.

26) Denied.

3

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The defendant states that there is no showing of an objectively serious physical injury by the plaintiff to warrant liability under emotional distress.

### THIRD AFFIRMATIVE DEFENSE

The defendant states that the School Department is a governmental unit and may be entitled to immunity under the laws of the Commonwealth of Massachusetts and the United States.

### FOURTH AFFIRMATIVE DEFENSE

The defendant states that the School Department has absolute immunity because any actions taken were based on bona fide occupational qualifications.

### FIFTH AFFIRMATIVE DEFENSE

The defendant states that the School Department has qualified immunity because it acted in good faith.

## SIXTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff failed to exhaust her administrative remedies under the union contract and state and federal law.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant states that the School Department acted in conformity with state and federal law at all times, and that they were justified in their acts.

## EIGHTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff has failed to prove proximate cause.

## NINTH AFFIRMATIVE DEFENSE

The defendant states that there is absolutely no showing of a policy or custom which resulted in deprivation of the plaintiff's civil rights.

## TENTH AFFIRMATIVE DEFENSE

The defendant states that there is no evidence, expert or otherwise, to support the plaintiff's claims for emotional distress and that the plaintiff has failed to prove same.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff has failed to prove an unlawful practice under M.G.L. c. 151B.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant states that the allegations of the plaintiff's complaint are without merit and baseless.

## THIRTEENTH AFFIRMATIVE DEFENSE

The defendant states that the School Department has acted in conformity with Massachusetts General Laws as to promotions, transfers, and disciplinary action.

## FOURTEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff has failed to prove malice relative to any claim for punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

The defendant states that the defendant was justified in its conduct and acts, and acted in good faith and is not liable to the plaintiff as alleged in the complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

The defendant states that any remarks were "stray remarks," which had no effect on the appointment process with the advisory committee or the principal.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is collaterally estopped to complain of certain actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant states that there is no credible evidence of retaliation against the plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

The defendant states that the School Department has a bona fide occupational qualification defense for their actions.

### TWENTIETH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's complaint does not allege a cause of action compensable under M.G.L. c. 151B or Title VII.

**THE DEFENDANT REQUESTS A TRIAL BY JURY.**

                Respectfully submitted,
                THE DEFENDANT,
                The City of Brockton School Department
                By its attorney,

DATED: April 20, 2005

Frank A. Smith, III - BBO No. 467500
Kevin A. Hanwell - BBO No. 567200
FRANK A. SMITH III & ASSOCIATES., P.C.
11 Beacon Street - Suite 1200
Boston, MA 02108
(617) 723-3273

## CERTIFICATE OF SERVICE

I, Frank A. Smith III, Esq., do hereby certify under the pains and penalties of perjury that I have this 20th day of April, 2005, mailed a copy of the within **Answer of Defendant, City of Brockton School Department, to the Plaintiff's Complaint** by first class mail, postage prepaid, to counsel of record for the plaintiff in this matter as follows:

        Kevin G. Powers, Esquire
        Linda Evans, Esquire
        Rogers, Powers & Schwartz, LLP
        18 Tremont Street
        Boston, MA 02108

_/s/ Frank A. Smith_
Frank A. Smith, III – BBO #467500