UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10490 NMG

---
NANCY BUCKLEY, )
      Plaintiff )
)
v. )
)
CITY OF BROCKTON )
SCHOOL DEPARTMENT, )
      Defendant )
---

### PLAINTIFF'S RULE 37 MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

Plaintiff Nancy Buckley ("Plaintiff" or "Buckley") hereby moves the court to compel Defendant City of Brockton School Department ("Defendant" or "School Department") to produce documents in the above-referenced action. As support for her motion, Plaintiff states:

1. Buckley has alleged that she was not promoted from Assistant Housemaster to Housemaster, even though she was more qualified than Alan Jolly, because she is a female, and Jolly a male.

2. Buckley's complaint, which involves issues of sex discrimination and failure to promote, requires that she obtain information about the qualifications of her comparators, who were appointed to Housemaster positions, as well as information about the general practices, policies, and criteria the School Department applies in promoting its employees.

3. The Defendant's document production was substantially to totally deficient in response to six (6) of Buckley's twenty-nine (29) document requests. All of the six requests involve documents concerning comparators, including personnel files, and the Defendant's promotion policies and practices, as they relate to gender.

4. The Defendant implies in some responses, e.g., Request No. 10, that the requested documents are confidential or private, and yet the Defendant has not provided a privilege log for documents that it has withheld.

5. At the time Plaintiff served her Complaint on the Defendant, she also served a Confidentiality Agreement, which the Defendant heretofore has not acknowledged nor signed.

6. Kevin G. Powers, Esq., who represents Plaintiff in this action, spoke with the City of Brockton's attorney, Frank Smith, III, on September 26, 2005, to attempt to resolve the dispute about the Defendant's document production. Powers Affidavit, Exhibit 1. During this conversation, Attorney Smith stated that he would not provide personnel records of any employee of the Defendant unless the employee agreed, or the Court ordered that the documents be produced. Id. Attorney Smith also stated in this conversation that the decision not to provide the personnel records a decision insisted upon by the Defendant City of Brockton School Department. Id.

7. All of the outstanding documents that Buckley seeks are both discoverable and relevant to her claims. Accordingly, Buckley requires and seeks the Courts assistance in this Motion to Compel.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel the Production of Documents and order the Defendant to fully produce documents in response to Plaintiff's First Set of Document Requests, within fourteen (14) days of the order and to provide a privilege log for any documents the Defendant continues to withhold. Plaintiff has enclosed a proposed order for the convenience of the Court. <u>Proposed Order, Exhibit 2</u>.

Respectfully submitted,

Nancy Buckley
By her Attorneys,

Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

<u>Certificate of Conference</u>

I hereby certify that the conference with opposing counsel, required by Fed. R. Civ. P. 37, was held on September 26, 2005.

Kevin G. Powers

Dated: October 3, 2005

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10490 NMG

| | |
|---|---|
| NANCY BUCKLEY, )<br>Plaintiff )<br> )<br>v. )<br> )<br>CITY OF BROCKTON )<br>SCHOOL DEPARTMENT, )<br>Defendant ) | |

### AFFIDAVIT OF KEVIN G. POWERS, ESQ.

I, Kevin G. Powers, under oath, depose and state as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts and the Massachusetts District Court.

2. I represent the Plaintiff in this action, Nancy Buckley. I make this affidavit solely in support of Plaintiff's Motion to Compel the Production of Documents.

3. On September 26, 2005, I spoke to the City of Brockton's attorney, Frank Smith, III. During that conversation, I attempted to resolve the discovery dispute that existed as a result of the City of Brockton's response to Plaintiff's First Set of Document Requests.

4. During my conversation with Attorney Smith, he stated to me that he would not provide the personnel records of any employee of the City of Brockton unless the employee agreed, or the Court ordered the records to be produced.

5.  Attorney Smith also informed me that the decision not to provide the personnel records was a decision insisted upon by the Defendant City of Brockton School Department.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, on this ___3___ day of October, 2005.

_____
Kevin G. Powers

# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10490 NMG

| | |
|---|---|
| NANCY BUCKLEY,<br>　　　　　Plaintiff<br><br>v.<br><br>CITY OF BROCKTON<br>SCHOOL DEPARTMENT,<br>　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED ORDER OF THE COURT**

1.   The defendant, City of Brockton School Department, shall fully produce documents in response to Plaintiff's First Set of Document Requests within fourteen (14) days of this order.

2.   The defendant, City of Brockton School Department, shall provide Plaintiff with a privilege log of any documents that it continues to withhold from production.

2.   The defendant, City of Brockton School Department, shall pay Plaintiff's costs and attorney's fees resulting from this motion.

Dated at Boston, Massachusetts, this _____ day of _____, 2005.