## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**C.A. No. 05-10490 NMG**

|  |  |
|---|---|
| **NANCY BUCKLEY,** | ) |
| **Plaintiff** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **CITY OF BROCKTON** | ) |
| **SCHOOL DEPARTMENT,** | ) |
| **Defendant** | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

This is an employment discrimination case, filed by Nancy Buckley ("Plaintiff" or "Buckley") against the City of Brockton School Department ("Defendant" or "School Department") alleging discrimination based on gender and/or sex, pursuant to Title VII and M.G.L. c. 151B. The Defendant selected an elementary school teacher, Alan Jolly, to become Housemaster at Brockton High School, instead of Buckley, a well-qualified Assistant Housemaster, because Jolly "was the only guy."

Plaintiff has alleged that Sharon Wolder was promoted to one of the two available Headmaster positions because the Principal of Brockton High School wanted Wolder promoted. Complaint, ¶ 11. Plaintiff has further alleged that Joseph Bage, Superintendent of Schools, instructed Principal Susan Szachowicz to promote Alan Jolly to the second available Headmaster position, and not Plaintiff

who was more qualified, because Jolly was a male, thereby causing the Defendant

to discriminate against Buckley on the basis of her sex – female. Complaint, ¶¶ 9-

11, 17-21, 25.

## I.  **Defendant's Refusal to Produce Relevant, Discoverable Documents**

The School Department's document production was substantially to totally

deficient in response to six (6) of Buckley's twenty-nine (29) requests for

documents; that is, either no documents were produced, or the Defendant

impermissibly "rewrote" the request, in response to Request Nos. 10, 19, 20, 21,

26, and 27. Def.'s DR, Exhibit 1. Although the performance reviews of  Principal

Susan Szachowicz and Superintendent Joseph Bage are discoverable, Buckley has

decided not to pursue Request No. 26. Ladson v. Ulltra East Parking Corp., 164

F.R.D. 376 (S.D.N.Y. 1996) (ordering Defendants to produce complete personnel

files for current and former supervisors employed by the defendants or by any

business entities controlled by defendants).  The five (5) requests, which are at

issue in this motion to compel, concern Plaintiff's comparators and the

Defendant's general policy and practice concerning the employment and/or

promotion of individuals in protected categories and individuals in non-protected

categories, respectively. Hooker v. Tufts Univ., 581 F. Supp. 98, 100 (D. Mass.

1983) (discriminatory climate may have a bearing on defendants' intent).

## II.  **Broad Discovery Is Allowed in an Employment Discrimination Case**

Fed. R. Civ. P. 26(b)(1) broadly provides for the discovery of all

information that is relevant or "appears reasonably calculated to lead to the

discovery of admissible evidence" so long as the materials sought are not

privileged.  Relevancy is also construed broadly, encompassing "any matter that

bears on, or that reasonably could lead to other matter that could bear on, any issue

that is or may be in the case. Cronin v. Strayer. 392 Mass. 525. 534 (1984).  In

Sweat v. Miller Brewing Co., 708 F.2d 655, 658 (11th Cir. 1983), the court stated,

"[W]e note that liberal discovery rules are applied in Title VII litigation." See Rich

v. Martin Marietta Corp., 522 F.2d 333, 343-344 (10th Cir. 1975) (discovery in

discrimination cases should not be narrowly circumscribed); Scales v. J.C.

Bradford & Co., 925 F.2d 901, 906 (6th Cir. 1991) (in Title VII lawsuit, the

employer's general practices are relevant even when the plaintiff is asserting an

individual claim for disparate treatment).

The "very essence of [a discrimination claim] is comparative evidence:

Was the plaintiff treated differently from persons not in [his] protected group?"

Weinstock v. Columbia Univ., 1995 U.S. Dist. LEXIS 14003, *19 (S.D.N.Y.),

aff'd, 1996 U.S. Dist. LEXIS 16779 (S.D.N.Y. 1996).  For this reason, courts have

customarily permitted a wide discovery of personnel files and performance

documents of comparators in discrimination cases. Jackson v. Harvard Univ., 111

F.R.D. 472, 475-476 (D. Mass. 1986) (allowing discovery of tenure files of male

employees granted tenure over 10-year period to provide plaintiff with opportunity

to demonstrate that female employees with similar qualifications were evaluated

under stricter standard, and recognizing that such documents may raise doubts as

to whether defendant's reasons for adverse employment actions were the real

ones); Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980) (finding district

court abused its discretion by denying plaintiff in discrimination case discover of

co-workers' personnel files where comparative job performances were at issue).

### III. Responses to Plaintiff's Requests for Production of Documents

#### A. Request Concerning Comparators

The following request, as the Defendant concedes, effectively seeks the

personnel files of Buckley's comparators, Sharon Wolder and Alan Jolly, who

were promoted to the positions of Headmaster, while Buckley was denied

promotion.

#### Request No. 10

Any and all documents concerning the qualifications of Sharon Wolder
and/or Alan Jolly, including but not limited to documents concerning their
degrees, academic credits, certifications, teaching and/or administrative
experience, and/or background in high school education, at the time of their
appointments as housemasters in 2004.

#### Response

A copy of said records would be in the personnel files of Sharon Wolder
and Alan Jolly. At the present time the City of Brockton declines to produce said
personnel files without the express consent of Sharon Wolder and Alan Jolly, who
have declined said request.

#### Argument

The personnel files of Sharon Wolder and Alan Jolly, Plaintiff's

comparators in her non-appointment to the position of headmaster, are clearly

discoverable and go to the "very essence" of Buckley's discrimination case.

Weinstock v. Columbia Univ., 1995 U.S. Dist. LEXIS at *19; Diaz v.

Massachusetts Mutual Life Ins. Co., 2005 Mass. Super. LEXIS 196, *3 (2005) ("[R]ecords of employees who worked in plaintiff's department and who may have been promoted or affected by an adverse employment decision are relevant to the plaintiff's claims of discriminatory practice at MassMutual.").

The Defendant seeks to preclude discovery by alluding to considerations of the privacy or confidentiality of Wolder and Jolly. There is no statute that prohibits the production of the information requested. M.G.L. c.214, § 1B, provides that "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy." The Supreme Judicial Court has interpreted § 1B to proscribe disclosure of facts about an individual which are "of a highly personal or intimate nature when there exists no legitimate countervailing interest." Bratt v. IBM, 392 Mass. 508, 518 (1984). Massachusetts courts have held that within the employment context, disclosure of information concerning an employee's competence or fitness for a position does not constitute an unreasonable interference with the employee's or potential employee's privacy. Martinez v. New England Med. Ctr. Hosps., Inc., 307 F.2d 257 (D. Mass. 2004); Mulgrew v. City of Taunton, 410 Mass. 631, 574 N.E.2d 389 (1991).

The qualifications of Wolder and Jolly for the position of housemaster are at issue in this case, and information about these comparators' performance, qualifications, and evaluations are properly discoverable. Nonetheless, Plaintiff is sensitive to the privacy concerns of other employees. Accordingly, along with her Complaint, Plaintiff served a Confidentiality Agreement, which the Defendant

heretofore has neither acknowledged nor signed. See Proof of Service;

Confidentiality Agreement, Exhibit 2. The Defendant can readily eliminate its

alleged concern about Wolder's and Jolly's privacy by signing Plaintiff's

proffered Confidentiality Agreement. Ibrahim v. American Univ., 1999 U.S. Dist.

LEXIS 8388, *3-4 (D.D.C. 1999) (ordering defendant in discrimination case to

produce files of comparators subject to entry of appropriate protective order);

Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991) (finding district court abused

its discretion in limiting discovery of personnel files). Buckley should be

provided with the requested documents forthwith. Haykel v. G.F.I. Furniture

Leasing Co., 76 F.R.D. 386 (N.D. Ga. 1976) (motion to compel production of

personnel files and salary information granted).

## B. Requests Concerning a Discriminatory Climate

The following requests seek documents related to the Defendant's practice

and policies concerning the employment of women, including other gender-based

claims of discrimination and/or complaints against the Defendant, as well as

documents pertaining to the placement, promotion, and/or non-promotion of

women into administrative positions. Hooker v. Tufts Univ., 851 F. Supp. at 100

(a discriminatory climate may have bearing on defendants' intent).

### Request No. 19

Any and all documents concerning the identity of any and/or all individuals
who have held the position of (a) assistant housemaster and/or (b) housemaster, at
any time from 1972 to the present.

<u>Response</u>

<u>OBJECTION</u>. This request is overly broad and unduly burdensome. Without waiving same, the names of the assistant housemasters from January 1, 2002 to the present and the names of the housemasters from January 1, 2002 to the present will be produced under separate cover to plaintiff's counsel.

<u>Request No. 20</u>

Any and all documents concerning any and/or all complaints, whether oral or written, formal or informal, internal or external, by any employee, independent contractor, temporary worker, and/or student that s/he was discriminated against on the basis of gender and/or sex, from 1972 to the present.

<u>Response</u>

<u>OBJECTION</u>. The City of Brockton objects to this request as overly broad and unduly burdensome. As to civil complaints filed in the U.S. District Court and the Superior Court, upon receipt of said information from the City Solicitor or the School Committee Counsel, the City agrees to produce same within a reasonable time period. Based on inquiry to the Superior Court's computer system, the entry for Brockton produced 1,041 entries, most of which do not have anything to do with the City of Brockton School Committee. Without waiving said objection, the City of Brockton agrees to produce same from January 1, 2000 to the present.

<u>Request No. 21</u>

Any and all documents concerning any and/or all complaints, whether oral or written, formal or informal, internal or external, by any employee about the School Department's failure to promote the employee.

<u>Response</u>

See response to Request No. 20.

<u>Request No. 27</u>

Any and all documents identifying or evidencing the gender of any and/or all principals, assistant principals, headmasters, assistant headmasters,

7

housemasters, and/or assistant housemasters in the School Department, at present, and/or identifying or evidencing the proportion of the Department's administrators, by job title, who are male or who are female.

Response

Other than by name, there is no specific City of Brockton document which identifies the gender or proportion of employees who are male or female.

**Argument**

As a threshold matter, Plaintiff is willing to limit the time period for which she seeks documents about the occupants of assistant housemaster and housemaster positions (Request No. 19); complaints about sex discrimination (Request No. 20); and complaints about failure to promote (Request No. 21) to the 10-year period from 1995 to the present, in lieu of the 23-year period originally requested. Jackson v. Harvard Univ., 111 F.R.D. at 475-476 (permitting discovery of tenure files of male employees granted tenure over 10-year period); Diaz v. Massachusetts Mutual Life Ins. Co., 2005 Mass. Super. LEXIS at *2-3 (holding that documents concerning discrimination claims within the past ten years "are discoverable and must be produced").

The Defendant's attempt to curtail its production concerning the occupants of the assistant housemaster and housemaster positions, to only those occupants from January 1, 2002 to the present, is unacceptable, particularly in light of Plaintiff's willingness to now limit her request to a 10-year period. Further, the School Department failed to provide a factual showing, as required, for its

8

boilerplate objections of overbreadth and undue burden in its response. Kerr-McGee v. Texas Okla. Express, Inc., 43 F.R.D. 336, 338 (D. Okla. 1967).

Documents that disclose (1) the identities, and therefore the sex, of assistant housemasters and housemasters over a 10-year period (Request No. 19), and (2) the identities of principals, assistant principals, headmasters, assistant headmasters, and/or assistant housemasters in the School Department at present (Request No. 27) are directly relevant to the Defendant's practice and pattern concerning the promotion of men and women into administrative positions. Afrow v. Cumberland Farms, Inc., 1996 Mass. Super. LEXIS 494, *7-8 (1996) (information, including statistics, about the defendant's treatment of other employees may lead to the discovery of direct or circumstantial evidence of the defendant's general practice and policies and the criteria it applies to employees in protected and unprotected categories, respectively); see Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 445, 447 (discussing plaintiff's satisfaction of burden of persuasion on pretext through direct or circumstantial evidence).

The School Department has indicated in its response to Request No. 27 that it has documents with the names of the Department's current employees, but does not have documents, which identify the gender or proportion of employees who are male or female. Although Buckley limited this request to administrators, she will settle for and requests that the Defendant provide her with those documents in its possession, which provide the names and job titles of all teachers and

9

administrators, who are currently employed in the Department. Buckley served

only 29 requests on the Defendant, and this expansion of Request No. 27 to

include teachers, as well as administrators, may be regarded as Request No. 30, if

required. Def.'s DR, Exhibit 1.

Request Nos. 20 and 21 seek documents concerning other complaints about

sex discrimination and/or failure to promote, which have been made against the

School Department, from 1995 to the present. Contrary to the Defendant's

responses, which imply that Buckley's requests are confined to formal complaints,

Plaintiff seeks documents concerning all complaints, whether they were made

internally, at an administrative agency, or in court. In addition to narrowing the

time period in Request No. 20, from 23 years to 10 years, Plaintiff is willing to

omit complaints by students from the request.

Prior complaints of discrimination made by other employees are relevant to

Buckley's claim of discriminatory animus and could lead to admissible evidence.

Accordingly, they are discoverable and must be produced. Diaz v. Massachusetts

Mutual Life Ins. Co., 2002 Mass. Super. LEXIS at *2-3 (ordering production of

prior discrimination claims for 10-year period); see Brown v. Trustees of Boston

Univ., 891 F.2d 337, 349-350 (1st Cir. 1989) (evidence of other discriminatory

conduct is probative on issue of motive or intent), cert. denied, 496 U.S. 937

(1990); Afrow v. Cumberland Farms, Inc., 1996 Mass. Super. LEXIS at *8-9

(other complaints of discrimination must be produced).

In addition to prior complaints about sex discrimination, Plaintiff requires prior complaints about failure to promote, in order to determine whether those claims reflect a discriminatory pattern and/or sex discrimination, which was not identified, as such, by the complaining employees (Request No. 21). Buckley will narrow Request No. 21, which is broadly worded, to those informal and formal complaints about not being promoted, which were made by teachers and/or by administrators.

Buckley's complaint alleges that she was not promoted from assistant housemaster to housemaster because she was not a male. Complaint, ¶¶ 9-11, 17-21, 25. Documents concerning other employees' failure-to-promote complaints are relevant to the Defendant's general promotion policies, practices, and patterns, with respect to gender, and to Buckley's claim of disparate treatment. Hooker v. Tufts Univ., 581 F. Supp. at 100 (D. Mass. 1983) (a discriminatory climate may have a bearing on defendants' intent); Afrow v. Cumberland Farms, Inc., 1996 Mass. Super. LEXIS at *8 (direct or circumstantial evidence of general practices, policies, and/or criteria applied may be probative of disparate treatment in present case).

### Conclusion

For the aforestated reasons, Buckley requires and seeks the Court's assistance in obtaining all discoverable, relevant documents in her action against the School Department. Accordingly, Buckley respectfully requests that the Court

grant her motion and compel the City of Brockton School Department to promptly produce all responsive documents.

Respectfully submitted,

Nancy Buckley
By her Attorneys,

Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

MemoMotCompelDocProd

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10490 NMG

|  |  |
|---|---|
| NANCY BUCKLEY,<br>          Plaintiff<br><br>v.<br><br>CITY OF BROCKTON<br>SCHOOL DEPARTMENT,<br>          Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT, CITY OF BROCKTON'S RULE 34 RESPONSE TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

### **GENERAL OBJECTIONS AS TO "DEFINITIONS AND INSTRUCTIONS"**

1.    The City of Brockton objects to the time period of 1972 to the present and will produce documents for a reasonable time period of three to five years.

2.    The City of Brockton objects to the word "documents" as being referenced to by "websites" which should be available to the plaintiff.

3.    The City of Brockton objects to the word "identify" in Paragraphs 13-17 as being beyond the scope of Federal Rules of Civil Procedure 33.

4.    The City of Brockton objects to Paragraph 18 as being beyond the scope of Federal Rules of Civil Procedure 33.

5.    The City of Brockton objects to Paragraph 19 as being beyond the scope of Federal Rules of Civil Procedure 33.

6.    The City of Brockton reserves the right to request the costs of copying and/or research for the records requested by the plaintiff.

Without waiving said objections, the defendant responds as follows:

REQUEST NO. 1.

Any and all personnel policies, employee manuals, contracts, collective bargaining

agreements, rules or regulations, website documents, Human Resources

documents, or any other document stating the School Department's policies,

practices, and procedures regarding any employment issue, including but not

limited to promotions, discrimination based on gender and/or sex, and/or training

of supervisors and administrators concerning discrimination.

RESPONSE NO. 1.

The City of Brockton agrees to produce any and all current personnel policies and

employee manuals.  A copy of its collective bargaining agreement from September

1, 2002 to August 31, 2005, is attached.  Website documents should be equally

available to plaintiff's counsel.

REQUEST NO. 2.

Plaintiff's complete personnel file.

RESPONSE NO. 2.

A copy of same has already been produced as part of the automatic disclosure.

REQUEST NO. 3.

Any and all documents concerning Plaintiff's performance, including but not

limited to, any and all notes and documents in supervisors' and/or administrators'

files, including computer files, concerning Plaintiff; any and all written

performance reviews and/or evaluations; and/or documentation of any and all oral

communications with Plaintiff about her job performance, while at employee of the School Department.

RESPONSE NO. 3.

See defendant's response to Request No. 2.

REQUEST NO. 4.

Any and all documents concerning any and all wages, salaries, salary increases, and/or benefits provided to Plaintiff during her employment in the School Department.

RESPONSE NO. 4

The defendant objects to production of "any and all documents concerning any and all wages, salaries, salary increases, and/or benefits" as being overbroad and unduly burdensome. Without waiving said objection, the defendant states that certain information is contained in the plaintiff's personnel file and is otherwise in the payroll office which would have to search " manually" for plaintiff's records. Again, without waiving said objection, the defendant agrees to produce information after consultation with plaintiff's counsel as to what is necessary.

REQUEST NO. 5.

Any and all organizational charts, in effect from September 1, 2001 to the present, evidencing Plaintiff's position(s) at the Defendant and the lines of authority above, lateral to, and below Plaintiff in the chain-of-command.


RESPONSE NO. 5.

3

The defendant agrees to produce same, if existent.

REQUEST NO. 6.

The job posting(s) for the position(s) of housemaster in 2004.

RESPONSE NO. 6.

A copy of same has been produced in the Advisory Committee file as part of the automatic disclosure.

REQUEST NO. 7.

Job descriptions of the positions of (a) elementary school teacher; (b) head of the Department of Social Studies; (c) assistant housemaster and (d) housemaster.

RESPONSE NO. 7.

The defendant agrees to produce copies of same for the time period of 2002-2005.

REQUEST NO. 8.

The resumes of any and all individuals who applied for and/or who were considered for the position of housemaster in 2004, including but not limited to, the resumes of Sharon Wolder and Allan Jolly

RESPONSE NO. 8.

A copy of same may have been produced in the Advisory Committee file as part of the automatic disclosure. Also attached are 164 pages of documents as to the candidates who were not interviewed by the Advisory Committee.

REQUEST NO. 9.

Any and all documents, including but not limited to notes to file, memoranda, and e-mails, concerning any and all communications between and/or among Joseph

4

Bage, Susan Szachowicz, Kathleen Sirois, Maria Lefort, and/or any other

supervisor and/or administrator concerning and/or mentioning Plaintiff, Sharon

Wolder, and/or Alan Jolly, their application(s) for a housemaster position in

Spring 2004, their qualifications for the position, and/or their gender and/or sex.

RESPONSE NO. 9.

The defendant agrees to produce same, if existent, and is in the process of having

an IT person employed by the City of Brockton to obtain emails as set forth in the

request.

REQUEST NO. 10.

Any and all documents concerning the qualifications of Sharon Wolder and/or

Alan Jolly, including but not limited to documents concerning their degrees,

academic credits, certifications, teaching and/or administrative experience, and/or

background in high school education, at the time of their appointments as

housemasters in 2004.

RESPONSE NO. 10.

A copy of said records would be in the personnel files of Sharon Wolder and Alan

Jolly.  At the present time the City of Brockton declines to produce said personnel

files without the express consent of Sharon Wolder and Alan Jolly, who have

declined said request.

REQUEST NO. 11.

Any and all documents that substantiate or support the School Department's

position that Alan Jolly, at the time of his appointment to the position of

housemaster in 2004, was more qualified than Plaintiff for the position of housemaster.

RESPONSE NO. 11.

OBJECTION. This request is overly broad and unduly vague and mis characterizes the City of Brockton's position as to the Advisory Committee process, and Susan Szachowicz's decision to nominate Sharon Wolder and Alan Jolly for the headmaster's position. Without waiving said objection, a copy of the Advisory Committee file has been produced, which file shows that Nancy Buckley was voted numerically below Sharon Wolder and Alan Jolly.

REQUEST NO. 12.

Any and all documents that substantiate or support the School Department's contention, if it so contends, that Plaintiff was less qualified than Alan Jolly, in 2004, for the position of housemaster.

RESPONSE NO. 12.

See defendant's previous response to Request No. 11.

REQUEST NO. 13.

Any and all documents that substantiate or support the School Department's contention, if it so contends, that the Defendant did not discriminate against Plaintiff on the basis of her gender and/or sex when the School Department appointed Alan Jolly, and not Plaintiff, to the position of housemaster in 2004.

RESPONSE NO. 13.

See defendant's previous response to Request No. 11.

REQUEST NO. 14.

Any and all documents concerning Sharon Wolder's job performance and/or Alan

Jolly's job performance, including but not limited to, any and all notes and

documents in supervisors' and/or administrators' files, including computer files,

concerning Ms. Wolder and/or Mr. Jolly; any and all written performance reviews

and/or evaluations of Ms. Wolder and/or Mr. Jolly; and/or documentation of any

and all oral communications with Ms. Wolder and/or Mr. Jolly about her or his

respective job performance, while an employee of the School Department.

RESPONSE NO. 14.

A copy of said documents would be in the personnel files of Sharon Wolder and

Alan Jolly.  At the present time the City of Brockton declines to produce said

personnel files without the express consent of Sharon Wolder and Alan Jolly, who

have declined said request.

REQUEST NO. 15.

Any and all documents concerning any and all reasons why Plaintiff was not

promoted to the position of housemaster in 2004.

RESPONSE NO. 15.

A copy of same has been produced in the Advisory Committee file.  The City of

Brockton agrees to produce any and all documents, if existent.

REQUEST NO. 16.

Any and all documents concerning the decision(s) to appoint Sharon Wolder

and/or Alan Jolly to the position of housemaster in 2004, including but not limited

to, any and all notes, minutes, and memoranda concerning any and all meetings of

Joseph Bage, Susan Szachowicz, Maria Lefort, Kathleen Sirois, and/or any other

supervisor or administrator, whether conducted in person, via telephone, via

computer, or by any other medium.

RESPONSE NO. 16.

A copy of same has been produced in the Advisory Committee file.  The City of

Brockton also agrees to produce any and all documents, if existent.

REQUEST NO. 17.

Any and all documents concerning the identity of any and all individuals who

participated in the decision(s) to appoint Sharon Wolder and/or Alan Jolly to the

position(s) of housemaster in 2004 and/or who were consulted in any way about

the decision-making process, and/or the decision(s).

RESPONSE NO. 17.

A copy of same has been produced in the Advisory Committee file.  Under

separate cover the names and addresses will be produced to plaintiff's counsel.

REQUEST NO. 18.

Any and all documents submitted by Sharon Wolder and/or Alan Jolly and/or

received by the School Department on behalf of Sharon Wolder and/or Alan Jolly

concerning their application(s) for the position of housemaster in 2004.

RESPONSE NO. 18.

A copy of same has been produced in the Advisory Committee file.

REQUEST NO. 19.

Any and all documents concerning the identity of any and/or all individuals who have held the position of (a) assistant housemaster and/or (b) housemaster, at any time from 1972 to the present.

RESPONSE NO. 19.

OBJECTION. This request is overly broad and unduly burdensome. Without waiving same, the names of the assistant housemasters from January 1, 2002 to the present and the names of the housemasters from January 1, 2002 to the present will be produced under separate cover to plaintiff's counsel.

REQUEST NO. 20.

Any and all documents concerning any and/or all complaints, whether oral or written, formal or informal, internal or external, by any employee, independent contractor, temporary worker, and/or student that s/he was discriminated against on the basis of gender and/or sex, from 1972 to the present.

RESPONSE NO. 20.

OBJECTION. The City of Brockton objects to this request as overly broad and unduly burdensome. As to civil complaints filed in the U.S. District Court and the Superior Court, upon receipt of said information either from the City Solicitor or the School Committee Counsel, the City agrees to produce same within a reasonable time period. Based on inquiry to the Superior Court's computer

system, the entry for Brockton produced 1,041 entries, most of which do not have anything to do with the City of Brockton School Committee.   Without waiving said objection, the City of Brockton agrees to produce same from January 1, 2000 to the present.

REQUEST NO. 21.

Any and all documents concerning any and/or all complaints, whether oral or written, formal or informal, internal or external, by any employee about the School Department's failure to promote the employee.

RESPONSE NO. 21.

See response to Request No. 20.

REQUEST NO. 22.

Any and all documents, including but not limited to e-mails, hard-drive computer documents, handwritten notes, and memoranda, drafted by, received by, and/or maintained by Susan Szachowicz, Joseph Bage, Maria Lefort, and/or Kathleen Sirois, from September 1, 2001 to the present, concerning and/or mentioning Plaintiff.

OBJECTION.

This request is overly broad and unduly burdensome.  Without waiving said objection, the defendant agrees to produce same, if existent.  It is in the process of having an IT person employed by the City of Brockton obtain email and other computer documents.  As to the other documents, the City of Brockton agrees to produce same, if existent.

REQUEST NO. 23.

Any and all documents concerning Alan Jolly's membership(s) on any committee(s) within the School Department, during his tenure as an employee of the Department.

RESPONSE NO. 23

The City of Brockton agrees to produce same, if existent.

REQUEST NO. 24.

Any and all documents concerning the purpose(s), responsibilities, achievements, and/or outcomes of (a) the Brockton High School Restructuring Committee (2002-2004); (b) the High School Accreditation Committee (2003-2004); (c) the Freshmen Academy Committee (2003-2004); and/or (d) the Adult Advisory Committee (2003-2004).

RESPONSE NO. 24.

OBJECTION. This request is overly broad and unduly burdensome. Without waiving said objection, the City of Brockton agrees to produce same, if existent.

REQUEST NO. 25.

Any and all documents concerning any and/or all complaints, whether oral or written, informal or formal, internal or external, by any employee, independent contractor, temporary worker, and/or student about Joseph Bage's and/or Susan Szachowicz's conduct, including but not limited to complaints about sexist comments, differential treatment of males and females, and/or sexist conduct.

RESPONSE NO. 25.

OBJECTION.  This request is overly broad and unduly burdensome.  Without waiving said objection, the City of Brockton agrees to produce same, if existent.

REQUEST NO. 26.

Any and all documents concerning any and all job evaluations and/or performance reviews that the School Department and/or the School Board has conducted concerning Susan Szachowicz and/or Joseph Bage.

RESPONSE NO. 26.

OBJECTION.  This request is overly broad and unduly burdensome.  Without waiving said objection, the City of Brockton presently declines to produce same without the express consent of Susan Szachowicz and/or Joseph Bage.  Susan Szachowicz has declined said request.

REQUEST NO. 27.

Any and all documents identifying or evidencing the gender of any and/or all principals, assistant principals, headmasters, assistant headmasters, housemasters, and/or assistant housemasters in the School Department, at present, and/or identifying or evidencing the proportion of the Department's administrators, by job title, who are male or who are female.

RESPONSE NO. 27.

Other than by name, there is no specific City of Brockton document which identifies the gender or proportion of employees who are male or female.

REQUEST NO. 28.

Any and all documents concerning the questions and/or interview protocol used in any and all interviews of the candidates for the position(s) of housemaster in 2004, including but not limited to, notes made by any and all interviewees, notes made by any and all interviewers, rating sheets, recordings of the interviews, and/or transcripts of the interviews

RESPONSE NO. 28.

A copy of same has been produced in the Advisory Committee file.

REQUEST NO. 29.

Any and all documents concerning Sharon Wolder and/or Alan Jolly and their respective strengths in curriculum and respective strengths in instruction.

RESPONSE NO. 29.

A copy of said documents would be in the personnel files of Sharon Wolder and Alan Jolly. At the present time the City of Brockton declines to produce said personnel files without the express written consent of Sharon Wolder and Alan Jolly, who has declined said request.

Copies of all official files have been produced in their entirety as provided to defendant's counsel and any page omission in the copying process is noted to be inadvertent. The original files are available for the review of plaintiff's counsel upon notice.

THE DEFENDANT,
City of Brockton
By Its Attorney,


DATED:  SEPTEMBER 26, 2005

_____
Frank A. Smith, III – BBO #467500
FRANK A. SMITH, III & ASSOCIATES, P.C.
11 Beacon Street, Suite 1200
Boston, MA  02108
(617) 723-3273


## CERTIFICATE OF SERVICE

I, Frank A. Smith, III, Attorney for the defendant, City of Brockton School
Department, hereby certify that I have this day, September 26, 2005, served a copy of the
within  DEFENDANT, CITY OF BROCKTON'S RULE 34 RESPONSE TO
PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS, by delivering same,  to:

Kevin G. Powers, Esquire
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA  02108
ATTORNEY FOR PLAINTIFF


_____
Frank A. Smith, III

14

# Exhibit 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**C.A. No. 05-10490 NMG**

|  |  |
|---|---|
| **NANCY BUCKLEY,** | ) |
| **Plaintiff** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **CITY OF BROCKTON** | ) |
| **SCHOOL DEPARTMENT,** | ) |
| **Defendant** | ) |
|  | ) |

## CONFIDENTIALITY AGREEMENT

This agreement ("Agreement") is made and entered into as of this _____ day of _____ 2005, between Nancy Buckley, hereinafter referred to as the "Plaintiff," and City of Brockton School Department, hereinafter referred to as the "Defendant." The Plaintiff and the Defendant may be referred to herein collectively as the "Parties."

**WHEREAS,** the Plaintiff commenced the above action against the Defendant and the defendant denies any liability or other wrongful conduct; and

**WHEREAS,** the Parties are currently engaged in discovery and wish to limit the disclosure of certain confidential documents and information to the Parties and the attorneys of record in this action.

**NOW, THEREFORE**, in consideration of the mutual covenants and the consideration hereafter contained, the Parties hereby agree as follows:

1. **DESIGNATION OF DOCUMENTS AS CONFIDENTIAL**

Any party may designate as "confidential" any document produced in response to the other party's discovery requests or an order of Court which in good faith it believes to be confidential as defined in Section 2 below.

2. **DEFINITIONS**

(A) For purposes of this Agreement, the term "document" shall mean any written, typed or printed matter of any kind, sound recordings, photographs, or any other medium for preserving, duplicating or recording written or spoken words.

(B) The word "confidential" shall mean information that is not publicly available and which constitutes trade secrets, proprietary or competitively sensitive information, and medical or therapy records of any party or potential witness or employee of the Defendant School Department, or information or documents that are deemed confidential by operation of law.

(C) By entering this agreement neither party agrees to or admits to the documents designated by the other party as "confidential" to actually be confidential and no presumption of confidentiality shall be made by the Courts as a result of the designation if the designation is challenged. If the designation is

2

challenged, the burden of proving confidentiality shall remain with the party asserting the confidentiality privilege.

3. **TO WHOM CONFIDENTIAL DOCUMENTS MAY BE PRODUCED**

Such documents as are designated "confidential" shall be produced by a party or by order of Court only to the following persons and entities:

> (a) Counsel of record for each of the undersigned parties, including their paralegals, secretaries, employees and independent contractors;
>
> (b) The parties to this action;
>
> (c) The Court, Court reporters, and Court personnel; and
>
> (d) Any person agreed to in writing by the parties or ordered by the Court.

4. **USE OF DOCUMENTS PRODUCED SUBJECT TO THIS AGREEMENT**

> (a) Documents which are designated as "confidential," copies thereof, and the information contained therein, shall not be exhibited or disclosed to any other person, provided, however, that nothing herein shall prevent the exhibition of such documents or the disclosure of information contained therein to persons who have prepared or assisted in the preparation of such documents or to whom the documentation or copies thereof were addressed

3

or delivered.  Nothing herein shall prevent the exhibition of such documents or the disclosure of information contained therein to officers and personnel of any governmental agencies and authorities requesting such documents and information.  Also, nothing herein shall prevent the exhibition of such documents or the disclosure of information contained therein to independent accountants, statisticians, economists or other experts for use in preparation and/or in connection with the litigation of this action, if such independent accountants, statisticians, economists or other experts first read this Agreement and agrees to be bound by it, by executing a copy of the agreement attached hereto as **Exhibit "A."**  A list shall be maintained by counsel of the names of all persons to whom disclosure is made.

(b)  No person receiving confidential documents shall disclose such documents or information contained therein to any person other than those specified in paragraph 3(a).  However, if counsel shall hereafter desire to give, show, make available or communicate such documents in any way to persons other than those referred to in paragraph 3(a) above, counsel shall notify the counsel for the party which produced documents designated "confidential" in writing of the proposed use or disclosure and shall specify the name, occupation and address of the person to whom disclosure is proposed, and a description of the documents or information to be disclosed.

(c) In the event that the party which produced the confidential documents objects to the disclosure of the documents to a person designated under paragraph 3(b), (s)he may notify the opposing counsel in writing of such objection and the grounds thereof, and, if such dispute is not resolved on an informal basis, may submit such objection to the Court for ruling. There shall be no disclosure pending a resolution of the dispute either on an informal basis or by a ruling of the Court.

## 5. DEPOSITIONAL USE OF DOCUMENTS PROVIDE SUBJECT TO THIS AGREEMENT

Documents designated "confidential" or the information contained therein may be referred to in the course of depositions, or made exhibits to depositions, provided that the "confidential" deposition exhibits shall remain subject to this confidentiality agreement and the provisions of this agreement

## 6. AGREEMENT DOES NOT APPLY TO "PUBLIC DOCUMENTS"

This Agreement shall not apply to any documents, or information contained therein, which is available publicly and are "Public Documents" within the meaning of M.G.L. c. 66, § 10 or are otherwise a matter of public record on file with any governmental or regulatory agency or board, unless the confidentiality of the document and/or its contents has been or is preserved, in whole or in material

part, pursuant to statutes or regulations applicable to the governmental or regulatory agency or board or under any agreement therewith.

7. **CONTESTING THE CONFIDETIALITY DESIGNATION**

This Agreement shall be without prejudice to the right of any party to contest the question of the confidential or privileged status of any category of documents, particular documents or part thereof which may be produced in the manner set forth below

(A)  In the event that a party objects to the designation of a document as confidential (s)he must first notify the opposing counsel in writing of such objection specifying the Bate stamped numbers of the documents in question.

(B)  The parties shall attempt to resolve the dispute informally.

(C)  If the dispute cannot be resolved either party may submit the dispute to the Court, wherever the case is pending.

(D)  The confidentiality and disclosure terms of this agreement shall be in force and effect until there is a ruling by the Court.

8. **AT THE CONCLUSION OF THE CASE**

At the conclusion of this Action by settlement and/or final judgment, including any appeals and/or after judgment on rescript after any appeals, all documents and any reproductions thereof subject to this Agreement shall be

returned to the party producing such confidential documents, or maintained in a

confidential manner and or destroyed by the party holding the documents, at its

option.  This Agreement shall continue in effect after the conclusion of this Civil

Action, subject to further agreement of the Parties or order of the Court.

City of Brockton School Department,
Defendant

By it's attorney,


_____

Lorna M. Hebert
Murphy, Hesse, Toomey and Lehane
300 Crown Colony Drive
P.O. Box 9126
Quincy, MA 02269-9126
(617) 479-5000


Nancy Buckley,
Plaintiff

By her attorneys,


_____

Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010


7

EXHIBIT "A"

AGREEMENT CONCERNING CONFIDENTIALITY AGREEMENT

I, _____ have read the Confidentiality Agreement

("Agreement") entered between the parties to an action pending in the Superior

Court between Nancy Buckley and City of Brockton School Department, and I

understand the terms thereof, and agree to be bound by such terms.  I will not

disclose to any person other than those specifically authorized by the Agreement,

and will not copy or use except solely for the purpose of this litigation, any

information, protected by the Agreement except as expressly permitted by the

parties to the litigation or the Court.


Dated:                                    Agreed:_____


BuckleySchoolDeptConfident.Agree