UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10490 NMG

```
_____  )
                              )
NANCY BUCKLEY,                )
              Plaintiff       )
                              )
v.                            )
                              )
CITY OF BROCKTON              )
SCHOOL DEPARTMENT,            )
              Defendant       )
_____  )
```

# DEFENDANT, CITY OF BROCKTON'S MEMORANDUM OF REASONS IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RULE 37 MOTION TO COMPEL AND FOR SANCTIONS

## STATEMENT OF FACTS

1. The plaintiff alleges that she was denied a Housemaster position at Brockton High School for reasons of gender and/or sex (See plaintiff's complaint, Paragraph 20).

2. The defendant has denied said allegations and stated that the Advisory Committee "ranked and/or recommended" Mr. Jolly and Ms. Wolder above Ms. Buckley, who was considered as a qualified candidate and because the principal (Susan Szachowicz) concurred in the recommendations of Mr. Jolly and Ms. Wolder. (See defendant's Answer and Response to Paragraph 20; see also plaintiff's complaint, Paragraph 23).

3. Joseph Bage was the then Superintendent of Schools for the City of Brockton (See plaintiff's complaint Paragraph 24).

4. The plaintiff filed a Rule 34 Request to which the defendant responded, with defendant's Rule 34 Response (already produced, and defendant's Supplemental Rule 34 Response).

5. A copy of said Supplemental Rule 34 Response is enclosed without attachments as **Exhibit A**.

## ISSUES

1) Whether and to what extent the plaintiff is entitled to production of personnel files of Sharon Wolder and Alan Jolly;

2) Whether and to what extent plaintiff's Rule 37 Motion to Compel should be allowed as to Requests numbered 19, 20 and 27.

## ARGUMENT

(1) **THE PLAINTIFF IS ENTITLED TO A FELLOW EMPLOYEE'S PERSONNEL FILES SUBJECT TO A COURT ORDER ONCE THE FELLOW EMPLOYEE OBJECTS.**

Request No. 10 and Response No. 10 are set forth as follows:

REQUEST NO. 10.

Any and all documents concerning the qualifications of Sharon Wolder and/or Alan Jolly, including but not limited to documents concerning their degrees, academic credits, certifications, teaching and/or administrative experience, and/or

background in high school education, at the time of their appointments as housemasters in 2004.

RESPONSE NO. 10.

A copy of said records would be in the personnel files of Sharon Wolder and Alan Jolly.  At the present time the City of Brockton declines to produce said personnel files without the express consent of Sharon Wolder and Alan Jolly, who have declined said request.

The foregoing Request and Response refer to Sharon Wolder and Alan Jolly who were promoted to the two Housemaster positions at Brockton High School.  Defendant's counsel states that a union representative for Ms. Wolder and Mr. Jolly advised that they would not agree to release their personnel files even with a confidentiality order.  Thereafter defendant's counsel received correspondence from Ms. Wolder and Mr. Jolly who confirmed that they would not allow him to release said personnel files.

M.G.L. c. 149, §52C does not appear to contain any mechanism for an employer to release a fellow's employee's personnel file to a fellow employee.  Further, M.G.L. c. 214, §1B, the Massachusetts Privacy Act, does not contain any similar mechanism.  In Massachusetts Practice, Employment Law, Volume 45, it is stated that "In the work place, the employer legitimately has access to a considerable amount of personal information about employees simply through routine record keeping and administration of benefit programs.  In addition, employers may accumulate additional personal data on particular employees through surveys or questionnaires, or in the course of monitoring and correcting employee performance or attendance problems.  Employees have

3

legitimate concerns that such private information should not be misused or disseminated to persons having no business reason to obtain the information." Page 316-317.

It is the defendant's position that the City of Brockton cannot release the personnel files of fellow employees to a fellow employee without the express written authorization of the fellow employee. The plaintiff's complaint and request for Production of documents is not a business reason for the City of Brockton to release said files.

Further, none of the cases cited by plaintiff's counsel make reference to this particular instance where the fellow employee specifically had declined to release their personnel files. Also, the cases cited by plaintiff's counsel at Page 5 of her Memorandum refer to the employee himself and not a fellow employee such as Ms. Wolder or Mr. Jolly. Please note that the Martiniz case should be noted as F. Supp.

As a cautionary aside, the defendant refers the Court to Kallstrom v. City of Columbus, 136 F. 3d 1055-1061, (6th Circuit 1998). Therein the Sixth Circuit apparently decided that the City's release of police officers' personnel files to defense counsel (albeit in a criminal case), was actionable by the police officers as a violation of the Due Process Clause.

As to Susan Szachowicz, the Principal of Brockton High School, and Joseph Bage, the former Superintendent of Schools of the City of Brockton, defendant's counsel repeats its prior argument. Additionally, defense counsel stands by its arguments as to Susan Szachowicz and Joseph Bage that said request is overly broad. The plaintiff has made no showing that she is entitled to said file and has conceded for the present time that she does not seek same.

4

As to the plaintiff's proposed confidentiality order, defendant's counsel has expressed his misgivings to plaintiff's counsel, especially as to the confidentiality provisions which seem lax. However, defendant's counsel is confident that if necessary he will be able to respect the privacy of all involved once the Court orders production.

    (2)    **PLAINTIFF'S MOTION TO COMPEL AS TO REQUESTS NOS. 19, 20, AND 27 WAS NOT IN COMPLIANCE WITH THE LOCAL RULES AND/OR IS MOOT**

First, defendant's counsel states that none of the foregoing requests and responses were the subject of a Local Rule 7.1(A)(2) conference. If one was conducted, it is extremely likely that plaintiff's counsel and defendant's counsel would have focused their areas of disagreement and resolved or narrowed same. Instead, plaintiff's counsel has moved to compel responses and has now narrowed same in her Memorandum.

Collegially, defendant's counsel will respond ad seriatim to the remaining responses and requests numbered 19, 20 and 27 with its argument.

REQUEST NO. 19.

Any and all documents concerning the identity of any and/or all individuals who have held the position of (a) assistant housemaster and/or (b) housemaster, at any time from 1972 to the present.

RESPONSE NO. 19.

OBJECTION. This request is overly broad and unduly burdensome. Without waiving same, the names of the assistant housemasters from January 1, 2002 to the present and the names of the housemasters from January 1, 2002 to the present will be produced under separate cover to plaintiff's counsel.

5

ARGUMENT

Defendant's counsel had previously agreed to produce existent documents as to the identity of assistant housemasters and/or housemaster from 2002 to the present. Plaintiff's counsel's limit of ten years is acceptable.

REQUEST NO. 20.

Any and all documents concerning any and/or all complaints, whether oral or written, formal or informal, internal or external, by any employee, independent contractor, temporary worker, and/or student that s/he was discriminated against on the basis of gender and/or sex, from 1972 to the present.

RESPONSE NO. 20.

OBJECTION. The City of Brockton objects to this request as overly broad and unduly burdensome. As to civil complaints filed in the U.S. District Court and the Superior Court, upon receipt of said information either from the City Solicitor or the School Committee Counsel, the City agrees to produce same within a reasonable time period. Based on inquiry to the Superior Court's computer system, the entry for Brockton produced 1,041 entries, most of which do not have anything to do with the City of Brockton School Committee. Without waiving said objection, the City of Brockton agrees to produce same from January 1, 2000 to the present.

ARGUMENT

Defendant's counsel had previously agreed to produce documents as to MCAD complaints and similar civil complaints from January l, 2000 to the present. Plaintiff's counsel's limit of ten years is acceptable.

REQUEST NO. 27.

Any and all documents identifying or evidencing the gender of any and/or all principals, assistant principals, headmasters, assistant headmasters, housemasters, and/or assistant housemasters in the School Department, at present, and/or identifying or evidencing the proportion of the Department's administrators, by job title, who are male or who are female.

RESPONSE NO. 27.

Other than by name, there is no specific City of Brockton document which identifies the gender or proportion of employees who are male or female.

ARGUMENT

Plaintiff's counsel's limit of a list of names and job titles of all teachers and administrators currently employed by the defendant is acceptable.

Lastly, it is the defendant's position that the majority position among the federal courts is that "Rule 37(d) Sanctions may be imposed where evasive or incomplete responses impede discovery. Baldalamenti v. Dunham's Inc., 896 F. 2d 1359, 1363 (Fed. Cir. 1990). It is the defendant's position that sanctions are not appropriate where

7

the responses were neither evasive nor incomplete but were the result of the defendant's concerns as to the privacy rights of fellow employees, who objected to production.

WHEREFORE, the defendant requests:

(1) The Court decide whether and to what extent the plaintiff is entitled to the personnel files of Sharon Wolder and Alan Jolly;

(2) The Court deny plaintiff's Motion to Compel as to Requests numbered 19, 20, and 27 as not being compliant with the Local Rules and/or Moot, with the understanding that defendant's counsel may need more than fifteen (15) days, because he is reliant upon the conduct of other persons to supply same; and

(3) The Court deny plaintiff's Request for Sanctions.

THE DEFENDANT,
City of Brockton
By Its Attorney,

DATED: October 17, 2005

/s/ Frank A. Smith III
_____
Frank A. Smith, III – BBO #467500
FRANK A. SMITH, III & ASSOCIATES, P.C.
11 Beacon Street, Suite 1200
Boston, MA 02108
(617) 723-3273